UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09CR128 DJS |
| ) | (FRB) |
| DEANDRA ADAMS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM,**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

<u>Defendant's Motion To Dismiss Indictment</u> (Docket No. 18)

The defendant's motion was heard before the undersigned on August 19, 2009. The defendant's motion is based entirely on issues of law and no testimony or other evidence was adduced on the motion.

The defendant is charged by indictment with being a person who, being required to register under the Sex Offender Registration And Notification Act (SORNA), traveled in interstate commerce and knowingly failed to register in violation of 18 U.S.C. § 2250(a). (<u>See</u> Docket No. 1).

The defendant argues that Congress exceeded its authority under the Commerce Clause of the Constitution in enacting SORNA, 42 U.S.C. § 16913 and 18 U.S.C. § 2250(a), because there is an insufficient nexus between interstate commerce and the activity required by, and prohibited by, the respective statutes.

He also claims that his prosecution under 18 U.S.C. § 2250(a), violates the Ex Post Facto Clause of the Constitution.

As the government points out in its response to the defendant's motion, and as the defendant acknowledged initially in his motion, and again at the hearing on the motion, the Eighth Circuit Court Of Appeals has previously heard and rejected each of these arguments. See United States v. May, 535 F.3d 912, 921-22 (8th Cir. 2008) (Provisions of SORNA, and penalty provision of § 2250(a), contain sufficient nexus to interstate commerce); United States v. Hacker, 565 F.3d 522, 525 (8th Cir. 2009)(same); United States v. Howell, 552 F.3d 709 (8th Cir. 2009)(same).

Defendant's Ex Post Facto claim has likewise been rejected by the Eighth Circuit Court Of Appeals. United States v. May, 535 F.3d at 919-20.

For the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion To Dismiss Indictment (Docket No. 18) be denied.

The parties are advised that they until **September 1, 2009,** in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of August, 2009.