**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No. 4:09CR128-DJS |
| ) | |
| **DEANDRA ADAMS,** ) | |
| ) | |
| **Defendant.** ) | |

<u>ORDER</u>

This matter is before the Court on the report and recommendation [Doc. #22] issued by Magistrate Judge Frederick R. Buckles, which recommends that this Court deny defendant Deandra Adams' motion to dismiss the Indictment [Doc. #18]. The defendant filed an objection to the report and recommendation [Doc. #27], as allowed by 28 U.S.C. §636(b)(1)(C).

Defendant is charged in Count I of the Indictment with failure to register as a sex offender in violation of 18 U.S.C. §2250(a), the Sex Offender Registration and Notification Act ("SORNA"). In his motion to dismiss the Indictment, defendant argues that Congress exceeded its constitutional authority when it enacted the registration requirements of SORNA, and further argues that 18 U.S.C. §2250 violates the ex post facto clause of the Constitution because it creates penalties not known or contemplated at the time defendant was originally convicted and sentenced.

The magistrate judge issued a report and recommendation on August 21, 2009. He notes that there are no factual issues in

dispute, and that defendant's motion is based entirely on legal issues. He observes that both of defendant's arguments have been addressed and rejected by the Eighth Circuit Court of Appeals. See United States v. May, 535 F.3d 912 (8th Cir. 2008). Accordingly, he recommends that this Court deny defendant's motion to dismiss the Indictment.

Defendant filed an objection to the report and recommendation, in which he reiterates his position that the Indictment charges defendant with a crime that is a violation of the ex post facto and commerce clauses of the Constitution. However, defendant does not submit any authority that contravenes the Eighth Circuit's May opinion.

Pursuant to 28 U.S.C. § 636(b)(1)(C), a district court shall make a de novo determination of those portions of the report, findings, and recommendations to which a party has objected. A court may accept, reject, or modify, in whole or in part, a magistrate judge's findings or recommendations. A court may also receive further evidence or remand the matter to the magistrate judge with instructions.

As stated in the report and recommendation, there are no factual issues in dispute; rather, defendant raises legal issues. The Eighth Circuit has held that "prosecuting [the defendant] under §2250 is not retrospective and does not violate the ex post facto clause." May, 535 F.3d at 920. Further, the Eighth Circuit stated that "SORNA contains a sufficient nexus to interstate commerce."

Id. at 922. Accordingly, the Court finds that defendant's arguments have already been rejected by the Eighth Circuit Court of Appeals.

For the above states reasons, the Court finds that the report and recommendation should be adopted and approved, and that defendant's motion to dismiss the Indictment should be denied. Accordingly,

**IT IS HEREBY ORDERED** that defendant Deandra Adams' objection to the report and recommendation [Doc. #27] is hereby overruled.

**IT IS FURTHER ORDERED** that the report and recommendation [Doc. #22] is accepted and adopted.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss the Indictment [Doc. #18] is denied.

Dated this __16th__ day of September, 2009.

          /s/Donald J. Stohr
          UNITED STATES DISTRICT JUDGE